UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MONEY LANOS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:04CV1019 HEA |
| DAVE DORMIRE and JEREMIAH W. "JAY" NIXON[1] | ) | |
| Respondents, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Audrey G. Fleissig, that Money Lanos' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. Thus, it is, when a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C.§ 636, the Court will therefore conduct a *de novo* review of those portions of

---

[1] Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254.

the Report and Recommendation to which petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362

(2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, __ F.3d __, 2007 WL 2376597 (8th Cir. August 17, 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*,470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point

to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id.* at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id.* at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id.* at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## Discussion

The Procedural History and Factual Background are set forth in the Report and Recommendation. Petitioner objects to Judge Fleissig's findings with respect to his written confession. Petitioner objects to the conclusion that "there exists no credible substantive evidence from the record from which the Magistrate could legally conclude that petitioner did not request for [sic] an attorney during custodial interrogation." Petitioner was advised of his *Miranda* rights upon his arrest on

March 19, 1997. He did not ask for an attorney at this time. He was taken to the police station for questioning, and at the police station, he admitted that he had approached one of the robbery victims the night before. The police contacted the victim of this robbery, Bridgette Sinar. They arranged for a lineup to be viewed by her. Petitioner requested that the police contact Attorney Terrance Neihoff. Mr. Neihoff could not be reached at that time (approximately 1:50 a.m. on March 19, 1997). The police proceeded with the lineup. Sinar identified Petitioner as the robber.

Following the lineup, the police again advised Petitioner of his *Miranda* rights and gave him a "warning and waiver form." Petitioner initialed each right, indicating that he understood it. Petitioner signed the form. The Missouri Appellate Court found that Petitioner did not ask for an attorney at that time. Petitioner subsequently provided a written statement in which he admitted that in the past two or three weeks, he had robbed four or five people.

The Missouri Appellate Court found that Petitioner did not invoke his right to counsel.

> A summary of the relevant events is explicative. First, at the time of Appellant's arrest, Rund verbally advised Appellant of his *Miranda* rights. Appellant indicated he understood those rights, and he did not ask for a lawyer. When questioned at this time, Appellant orally confessed to the Sinar robbery. Second, during a break in custodial

> interrogation and in response to Rund advising Appellant that he was going to be placed in a lineup, Appellant provided Rund with the name of an attorney whom he requested Rund contact. Appellant does not have a Fifth Amendment right to counsel at a pre-charge lineup. *State v. Quinn*, 594 S.W.2d 599, 604 (Mo. banc 1980). Third, upon resuming custodial interrogation following Sinar's identification of Appellant in the lineup, Rund again advised Appellant of his *Miranda* rights. Appellant also completed a warning and waiver form, indicating that he understood and waived those rights. Although Appellant testified that he requested an attorney at this time, the trial court implicitly rejected this testimony in light of other evidence to the contrary. Part of the warning and waiver form included the written statement by Appellant confessing to the robberies. No threats or promises were made to Appellant for completing this statement.

*State v. Lanos*, 14 S.W.3d 90, 94 (Mo.App. 1999).

The Court's review of the petition is limited by 28 U.S.C. § 2254(d)(1), which provides that federal courts are prohibited from granting habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The Missouri Appellate court correctly identified and cited the holdings of *Miranda*, and habeas relief can only be justified if the state court decision was "unreasonable in applying the governing legal principle to the facts of the case." *Ramdass v. Angelone,* 530 U.S. 156, 166, (2000).

*Miranda v. Arizona* established that "a suspect subject to custodial

interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him before questioning begins." *Davis v. United States,* 512 U.S. 452, 457 (1994) (citing *Miranda* ). The Court further held in *Edwards v. Arizona,* 451 U.S. 477, 484-85, (1981), that if an accused expresses his desire to deal with the police only through counsel, he cannot be subjected to further interrogation until a lawyer has been made available unless the suspect himself initiates further communication with the police. In *Davis,* 512 U.S. at 459, the Court clarified that "[i]nvocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." A "suspect must unambiguously request counsel," and if he does not "articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney ... *Edwards* does not require that the officers stop questioning the suspect." *Id.* at 459.

Thus, the issue before this court is whether the Missouri state court was "unreasonable" in applying these governing legal precedents to the facts of this case. *See Ramdass v. Angelone,* 530 U.S. 156, 166 (2000). Under the governing law, questioning may proceed unless a suspect "clearly" and "unambiguously"

makes known his desire to have counsel present. *Davis,* 512 U.S. at 459. Petitioner's statement that he wanted the police to contact Terrance Neihoff to make sure everything was performed correctly at the lineup was found by the Appellate Court not to be such a clear and unambiguous request for counsel that questioning could not be resumed after the lineup. Considering the question in context, it is not clear that Petitioner was actually requesting the presence of an attorney during questioning.

Supreme Court precedent does not require the cessation of questioning "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel." *Davis,* 512 U.S. at 459. The Court concludes that the state court was not unreasonable in determining that Petitioner had not made an unambiguous request for counsel. See *Dormire v. Wilkinson* 249 F.3d 801, 804-805 (8th Cir 2001).

Furthermore, the Court agrees with Judge Fleissig that Petitioner is not entitled to reversal of his convictions because the evidence of his guilt as to each of the offenses was extremely strong. *Arizona v. Fulminate*, 499 U.S. 279 (1991). Petitioner's objection with respect to his written confession is therefore overruled.

Petitioner also objects to Judge Fleissig's recommendation that his petition be

denied as to the identification claim. Petitioner contends that Sinar's identification was not reliable because of the impermissibly suggestive manner in which it was conducted. Petitioner initially refused to participate in the lineup. He sat down on the floor. Two officers brought Petitioner to his feet and during the lineup, they stood behind him so that he could be viewed by Sinar. The Appellate Court found that Petitioner could not challenge the suggestiveness of a lineup due to circumstances that he cause to become necessary.

"'To sustain a challenge to an out-of-court line-up, the defendant must first show that the procedure employed was impermissibly suggestive. If it was, the court must then determine whether, under the totality of the circumstances, the suggestive procedures created a very substantial likelihood of irreparable misidentification.' *United States v. Ramsey,* 999 F.2d 348, 349 (8th Cir.1993); *see also Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).*" U.S. v. Triplett,* 104 F.3d 1074, 1079-80 (8th Cir. 1997), cert denied *sub nom Triplett v. United States*, 520 U.S. 1236 (1997).

Under the "totality of the circumstances" analysis, the Court is entitled to take into consideration the reasons for the alleged suggestiveness. See *Triplett*, 104 F.3d 1080 Fn.2. (Defendant argued "that his 'brightly colored, loud, but surprisingly tasteful, Hawaiian-type print shirt' drew unwarranted attention to him

'in the midst of a sea of solid white tops and dark green bottoms.' We find this argument unpersuasive. Though [defendant's] shirt may have been eye-catching, wearing it in the line-up was his choice; the police did not select his attire for him."); *United States v. Jones*, 907 F.2d 456, 459-60 (4th Cir. 1990), *vacated on other grounds*, 977 F.2d 105 (1992). As such, the Missouri Appellate court's rejection of Petitioner's challenge was not contrary to, nor an unreasonable application of, clearly established federal law.

Additionally, as Judge Fleissig noted, the Missouri Appellate Court implicitly considered the merits of Petitioner's challenge to the lineup and determined that Sinar's identification was, under the totality of the circumstances, reliable. Sinar did think it was "odd" that the police officers were beside Petitioner, however, she noted that the lighting at the scene was good, she was able to describe the type of clothing Petitioner wore. She had a face to face "conversation" with Petitioner when he told her to give him her bag, then told her to just give him money. One day had lapsed since the robbery and the lineup, so Sinar's recollection would have been fresh. Under all of these facts, it is reasonable to conclude that Sinar's identification was indeed very reliable.

Petitioner's objection as to ground two is denied.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation that the Petition be denied.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Money Lanos for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not

issue in that, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 31st day of August, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE